UNITED STATES of America,
Plaintiff,

v.

SCHINE CHAIN THEATRES, Inc.,
et al., Defendants.

Civ. A. No. 223.

United States District Court
W. D. New York.

Nov. 26, 1954.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for the United States, by Joseph E. McDowell, Sp. Asst. to the Atty. Gen., of counsel.

Raichle, Tucker and Moore, Buffalo, N. Y., for defendants, by Frank G. Raichle, and James O. Moore, Jr., Buffalo, N. Y., of counsel.

KNIGHT, Chief Judge.

The consent decree herein, filed on June 24, 1949, as amended by the order of December 17, 1951, required the defendants to dispose of their interests in 46 theatres. Of the twenty of such theatres remaining undisposed of, it is asserted by the defendants that 12 have been closed as theatres at various times commencing, one prior to 1949, two in 1951, six in 1952 and two in 1953. It is also asserted that each of these was operated at a loss during the last fiscal year of operation.

By the consent decree and order defendants were required to sell their interests in such theatres under the condition that they be sold to be used as picture theatres. The defendants now ask that the decree and order, as respects this restriction, be modified and that they be permitted to sell them without the restriction as to such use. The defendants assert that they have prospects for the sale of a number of these theatres and, that as to three of them, they now have offers to purchase. The original papers herein included no claim that any definite proposals for purchase

had been submitted for any of the twelve theatres. Subsequent to the filing of the petition an affidavit was submitted setting forth that proposals in writing had been submitted for the purchase of the State Theatre in Corning, N. Y.; the Southern in Bucyrus, Ohio and the Strand in VanWert, Ohio. All that is claimed as to the balance of the twelve theatres is, in substance, that they expect to be able to dispose of them. As to all of the twelve theatres it is asked that the provisions in the consent decree and order aforesaid be changed to omit the restrictions as to future use, and as to each of the last three mentioned theatres the proposal is for the purchase without restrictions.

As to the State Theatre, the proposal is to purchase for $25,000 net. It appears that in 1952 the defendants rejected an offer of $25,000 for this State Theatre because, as asserted, the offer was too low. In the light of the present offer to sell it seems that the defendants were unjustified in rejecting the offer of 1952. There is another matter in connection with the State which should be mentioned. Included in the defendants' affidavit submitted here is a letter, purported to have been received from the Mayor of Corning, stating that the State Theatre building is a fire hazard and urging that such hazard be removed. Final action as to the State must await further inquiry respecting the actual condition of the building.

As to the Southern Theatre, a proposal is made to purchase defendants' lease without restrictions as to use. This lease expires in 1958. The defendants have failed to dispose of this theatre for several years. According to the affidavits submitted herein it was closed on May 11, 1952, and that the loss in operation during the last fiscal year of operation was $4,314.83. I see no sufficient reason why a sale should be authorized at this time.

As to the Strand, the tenant has a lease with the privilege of buying the property for $10,000. This lease expires December 31, 1954. The offer of the proposed purchaser is that Belpik Theatre Corporation (a Schine company) pay the purchaser $3,500 to be applied against the payment of the $10,000 under the purchase contract and the purchaser agrees to pay the balance of the $10,000 price on the closing and transfer of title to the property. This, of course, contemplates that the tenant in the first instance take up the contract to purchase. In view of the short time the lease is to run, I am of the opinion that the defendants should be authorized to sell.

As to eight of the theatres not disposed of, it seems to be admitted by the defendants that they are available for use as theatre properties. The defendants urge that the Liberty Theatre in Cumberland should be eliminated from the decree and they state reasons for this request. It may be that there is merit in the request, but I do not feel that I should grant it at this time upon the single affidavit of defendants' counsel.

An order may be entered accordingly.